**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **FYDIASZYNUL CORREA-OLLVARES** | : | **DOCKET NO. 2:06-cv-232**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **J. P. YOUNG** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Fydiaszynul Correa-Ollvares, pursuant to 28 U.S.C. §2241. By this petition, Petitioner challenges the computation of his sentence. Specifically, he claims that his federal sentence has not been credited with time served in state custody from February 17, 2000 to November 17, 2000. This matter has been referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

Petitioner was arrested in Alabama on February 15, 2000. He was charged and convicted of Giving a False Name or Address to a Law Enforcement Officer; Theft of Property; and Possession of a Forged Instrument. *See* Government Exhibit A. On February 17, 2000, following petitioner's arrest, the Bureau of Immigration and Customs Enforcement ("ICE") was notified. *See* Petitioner's Exhibit, Doc 1-2, p.4. ICE determined that he had re-entered the United States illegally and placed a detainer upon petitioner. *Id.*

On November 17, 2000, petitioner completed the criminal sentences imposed upon him by

the State of Alabama, and his custody was transferred to federal authorities pursuant to an arrest warrant which had been issued against petitioner. *See USA v. Correa-Ollvares*, 5:00-cr-0438 (N.D. Ala). On November 30, 2000, petitioner was indicted by a federal grand jury for illegal re-entry into the United States in violation of 8 U.S.C. § 1326. *Id.*, doc. 1. On January 25, 2001, petitioner plead guilty to illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). *Id.*, doc. 14. For this offense, petitioner was sentenced on March 21, 2001 to a term of imprisonment of 86 months, to be followed by a three year term of supervised release. *Id.,* doc. 19; Government Exhibit A, pp.3-7.

Petitioner is currently scheduled for release on February 15, 2007. Government Exhibit A, p.10. In calculating this release date, petitioner has been given credit for time spent in federal custody from November 18, 2000 through March 20, 2000. Petitioner claims that he is entitled to additional credit on his federal sentence for time spent in state custody from February 17, 2000 to November 17, 2000. He has presented his claim through all levels of the BOP's administrative remedy procedure. Petitioner now seeks *habeas* relief from this court.

## **LAW AND ANALYSIS**

It is the function of the United States Attorney General, through the Bureau of Prisons, to compute jail time credit in accordance with 18 U.S.C. §3585(b)[1]. Credit is given toward a prisoner's term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." A prisoner has the right to have the

---

[1](b) CREDIT FOR PRIOR CUSTODY-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

2

Attorney General's determination reviewed by a court after exhausting his administrative remedies. Wilson, 112 S.Ct. at 1355.

A review of the entire record in this case satisfies the court that petitioner's federal sentence has been computed correctly and that he is not entitled to additional credit on this sentence.

A prisoner who wishes to have the time spent in state custody credited to his federal sentence bears the burden of showing that his continued confinement in state custody was caused solely by the action of the federal authorities, such as a federal detainer. *Shaw v. Smith,* 680 F.2d 1104 (5th Cir. 1982); *United States v. Shillingford,* 586 .2d 372, 375 n.6 (5th Cir. 1978); *United States v. Dovalina,* 711 F.2d 737, 740 (5th Cir. 1983). In this case, petitioner was taken into custody on February 15, 2000 by Alabama authorities, and he subsequently pled guilty to state court charges. He remained in state custody until the completion of his state court criminal sentences on November 17, 2000. The lodging of a federal detainer by ICE on February 17, 2000 did not affect petitioner's state custody status or transform his state custody into federal custody. *See Thomas v. Whalen,* 962 F.2d 358 (4th Cir. 1992). The detainer merely informed the state authorities that upon petitioner's release from state custody, the federal authorities were to be notified.

Additionally, this court finds that petitioner is not entitled to have the time spent in state custody credited against his federal sentence because he has already received credit for this time against his state sentence. *See* Government Exhibit A, p.10. The provision governing the computation of jail time credit, 18 U.S.C. §3585(b), indicates that credit shall be given for time spent in official detention if another sentence has not already been credited for that time. Any credit due to petitioner on his federal sentence would have been computed upon the commencement of his federal sentence. *See Wilson, supra.* At the time petitioner began serving his federal sentence, he

3

had already received full credit for the time spent in state custody from February 17, 2000 through November 17, 2000 on his state sentence. Therefore, he is not entitled to an additional credit against his federal sentence as the Attorney General must only give credit for time spent in official custody when such time "has not been credited to another sentence." *Wilson,* 112 S.Ct. at 1355-56; *see also Pennant v. United States*, 31 Fed.Appx. 832, 2002 WL 180341 (5th Cir. 2002).

For these reasons,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 1, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE